The Honorable Ruth Whitaker State Senator P.O. Box 349 Cedarville, AR 72932
Dear Senator Whitaker:
You have presented the following questions for my opinion:
 (1) Does a rural water district have to supply a list of the names, addresses and telephone numbers of paying customers of the rural water district if so requested by a citizen of this state?
 (2) If a document listing names, addresses and telephone numbers of paying customers of the rural water district is not readily available, must the rural water district originate such a document and meet such a request?
 (3) Can the rural water district provide only the names and addresses or must they include telephone numbers if specifically requested?
You state that the rural water district in question was organized as a regional facilities board under Arkansas law. I understand you to be referring to the "Regional Water Distribution Act," which is codified at A.C.A. § 14-116-101 et seq. If this understanding is correct, the water district is a public entity that is subject to the requirements of the Arkansas Freedom of Information Act (A.C.A. § 25-19-101 et seq.). The opinions expressed herein are based upon this understanding.
RESPONSE
Question 1 — Does a rural water district have to supply a list of thenames, addresses and telephone numbers of paying customers of the ruralwater district if so requested by a citizen of this state?
It is my opinion that, with the possible exception of unlisted telephone numbers and unlisted addresses, a rural water district must provide records reflecting the requested information to an Arkansas citizen who has requested it, provided such records already exist.
The Arkansas Freedom of Information Act requires that entities subject to its requirements provide copies of non-exempt "public records" to Arkansas citizens who request them. "Public records" are defined, for purposes of the FOIA, as follows:
 (5)(A) "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(a).
Any records maintained by the water district reflecting the names, addresses, and telephone numbers of its paying customers constitute "public records," as defined above. The question then arises whether such records would fall within any exemption from disclosure. It is my opinion that such records are not exempt from disclosure. The FOIA lists the applicable exemptions in A.C.A. § 25-19-105. Customer names, addresses, and telephone numbers do not fall within any of the listed exemptions. Moreover, the FOIA does not contain any general privacy provision that would protect such information from disclosure.[1] The office has consistently taken the position that unlisted telephone numbers and unlisted addresses contained in personnel files should not be disclosed, pursuant to the personnel records exemption that is set forth in A.C.A. §25-19-105(b)(12). See, e.g., Ops. Att'y Gen. Nos. 2001-314; 2001-145; 99-054; 93-420; 93-131; 90-335. The only basis for withholding unlisted information that is not contained in personnel records would be the constitutional privacy right, as outlined in McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). In that case, the Arkansas Supreme Court recognized that this constitutional right can supersede the disclosure requirements of the FOIA. The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The question of whether these three conditions have been met is a question of fact that must be determined on a case-by-case basis. For this reason, I cannot conclude categorically that all unlisted telephone numbers and all unlisted addresses are exempt from disclosure. However, I recognize that this information may, in some cases, meet theMcCambridge standards. This is a determination that the custodian of the records must make with regard to each customer whose address or telephone number is unlisted. Accord, Op. Att'y Gen. No. 97-199.
I note that the constitutional right of privacy is also the only conceivable basis for arguing that the other information (i.e., names, listed addresses, and listed telephone numbers) should not be disclosed. However, I have previously opined that this argument would not succeed in protecting this type of information. See Op. Att'y Gen. No. 2001-314. I continue to hold that view. Accord, Ops. Att'y Gen. Nos. 2000-129; 97-244.
For these reasons, I conclude that the water district must provide any records it maintains reflecting the requested information, except that with regard to unlisted addresses and unlisted telephone numbers, the custodian of the records must make a factual determination as to whether they can be withheld from disclosure under the standards set forth by theMcCambridge court for establishing a constitutional right of privacy.
If the water district already possesses a list of its customers' names, addresses, and telephone numbers, it must provide this list to the requestor (possibly redacting the unlisted items). However, the water district is not required to create a record that it does not already possess. The FOIA specifically states: "A custodian is not required to compile information or create a record in response to a request made under this section." A.C.A. § 25-19-105(d)(2)(C). Nevertheless, if the district does possess records reflecting the requested information, it must provide copies of those records. The custodian of the records should, however, redact any other exempt information that may be contained in the records (such as Social Security numbers, see5 U.S.C. § 552a, note, the "Federal Privacy Act") before the records are released.
Question 2 — If a document listing names, addresses and telephone numbersof paying customers of the rural water district is not readilyavailable, must the rural water district originate such a document andmeet such a request?
No. See A.C.A. § 25-19-105(d)(2)(C), and response to Question 1 above.
Question 3 — Can the rural water district provide only the names andaddresses or must they include telephone numbers if specificallyrequested?
As discussed in response to Question 1, it is my opinion that the water district must make a factual determination of the applicability of the constitutional right to privacy, in order to determine whether it can decline to provide unlisted telephone numbers and unlisted addresses. However, it must provide the names, listed addresses, and listed telephone numbers that have been requested, provided that such information is reflected in already-existing documents that the district possesses.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] It should be noted that Act 608 of 1981 added a clause to the FOIA to provide a general privacy exemption for information "of a personal nature." See Acts 1981, No. 608, § 1. However, that clause was repealed by Act 468 of 1985. See Acts 1985, No. 468, § 1.